UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LEAH JARVIS                                                    CIVIL ACTION

VERSUS                                                         NO. 06-4384

LOUISIANA STATE UNIVERSITY
HEALTH SCIENCES CENTER                                         SECTION "T" (1)

ORDER AND REASONS

Currently before the Court is a Motion to Dismiss filed by Defendants, the State of Louisiana and Louisiana State University Health Sciences Center. Rec. Doc. 12. Plaintiff, Leah Jarvis, filed an Opposition to the Motion. Rec. Doc. 27. The Court, having considered the record, the evidence submitted, the law and applicable jurisprudence, is fully advised in the premises and ready to rule.

I.     BACKGROUND

Leah Jarvis ("Plaintiff") alleges that while a student in the medical technology program at the Louisiana State University Health Science Center ("LSU") she was harassed and discriminated against by instructors and supervisory personnel. Rec. Doc. 1, Exhibit "3" at p. 1. In September 2003, Plaintiff was fired from her job as a medical technologist at the Chalmette Medical Center because she had not completed her clinical rotation. Rec. Doc. 1 at p. 2. Plaintiff contacted LSU and was informed she had failed a portion of her chemistry lab exam and would have to take that section of the exam again before she could graduate and obtain her license. Plaintiff suggests that there were Caucasian students who failed clinical exams in the summer of 2003, but were not required to retake their exams and in addition, were given passing grades so that they could complete their clinical study program. Rec. Doc. 1, Exhibit "3" at p. 2. Plaintiff obtained a Bachelor of Science in medical technology in June 2004; however, she was unable to find employment despite applying for positions from September 2003 through July 2005. Rec. Doc. 1, Exhibit "3" at p. 2.

She alleges she was unable to find employment because the LSU instructors and supervisory personnel provided false information to potential employers causing them to deny her employment and benefits. Rec. Doc. 1, Exhibit "3" at p. 3.

Plaintiff sued the State of Louisiana and LSU (collectively, "Defendants") in the Civil District Court for the Parish of Orleans claiming she is entitled to monetary damages from the State and LSU based upon the wanton and willful discriminatory actions of their employees. Rec. Doc. 1, Exhibit "3" at p. 3. Plaintiff did not name the individual LSU employees in her original Petition for Damages. Defendants removed the matter to this Court. Rec. Doc. 1. In the Notice of Removal, Defendants submit that Plaintiff's Petition for Damages is unclear as to whether she was claiming violations of state or federal discrimination laws. Because federal courts have original jurisdiction over the action to the extent Plaintiff claims violations of 42 U.S.C. § 1983 and federal constitutional rights, the action was removed "out of an abundance of caution." Rec. Doc. 1 at p. 2. Defendants' Notice of Removal claimed that any state law claims were properly in front of this Court pursuant to Supplemental Jurisdiction. 28 U.S.C. § 1367. Rec. Doc. 1 at p. 2.

Defendants filed the instant Motion to Dismiss claiming that this Court lacks subject matter jurisdiction over the action and that Plaintiff's Petition for Damages failed to state a claim under 42 U.S.C. § 1983. Rec. Doc. 12.

**II.    LAW AND ANALYSIS**

Pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), a defendant may raise, by Motion to Dismiss, the defense of lack of subject matter jurisdiction and failure to state a claim. Defendants urge two grounds in support of their Motion. First, they assert the State of Louisiana and LSU are immune from suit because of the sovereign immunity provided to them pursuant to the

Eleventh Amendment of the United States Constitution.  Second, Defendants urge that they are not "persons" under 42 U.S.C. § 1983 and therefore, Plaintiff has failed to state a claim under section 1983 against these defendants.  Rec. Doc. 12 at pp. 6-11.

Plaintiff counters that Defendants voluntarily invoked federal court jurisdiction by removing this action; therefore, they have waived any sovereign immunity under the Eleventh Amendment. Rec. Doc. 27 at 2.  Additionally, Plaintiff submits her Petition for Damages does not specifically assert that her claims are pursuant to section 1983.  Rather, she alleges discrimination claims which she argues can fall under Section 1983 or Title VII.  Because Congress has abrogated sovereign immunity under Title VII, she argues the discrimination claims are properly before the Court.  Rec. Doc. 27 at 3.  Regarding her failure to state a claim under 42 U.S.C. § 1983, Plaintiff asserts that she has filed a Motion for Leave to file an Amended Complaint and in that Amended Complaint she names individuals who were/are employees of Defendants and lists the actions taken by those persons which violated her rights.  Rec. Doc. 27 at p. 1.  Plaintiff requests that this Court read the allegations in both the original Petition for Damages and the Amended Complaint together in deciding whether this action should be dismissed.  Rec. Doc. 27 at p. 2.

The Court has thoroughly reviewed the Plaintiff's original Petition for Damages attached to Defendants' Notice of Removal.  The Petition is vague as to what are the causes of action, both state and federal, being asserted in this matter.  Nevertheless, the Plaintiff and the Defendants agree that there are state and federal discrimination claims under Title VII and federal civil rights claims under Section 1983.  The Petition also seems to allege monetary damages for state tort law claims.  Rec. Doc. 1, Exhibit "3" at pp. 2,3.  The original petition alleges each of these violations by the State of Louisiana and LSU and each are discussed below.

In this removed lawsuit, the issue of whether the State of Louisiana and LSU may rely on Eleventh Amendment immunity does not appear to be as clear cut as Defendants makes it out to be. Plaintiff is correct that a state can waive its Eleventh Amendment immunity from suit when it removes a case to federal court. In *Lapides v. Board of Regents of the University System of Georgia*, 535 U.S. 613, 122 S.Ct. 1640, 152 L.Ed.2d 806 (2002), the Supreme Court held that where the State has abrogated immunity from state-law lawsuits in state court, the State also waives its state sovereign immunity when it removes state-law causes of action from state to federal court. In *Lapides,* the plaintiff brought a state defamation claim as well as a section 1983 claim against the university board and its officials. The Supreme Court found that the State's action of voluntarily agreeing to remove the case to federal court constituted a form of voluntary invocation of the federal court's jurisdiction and a waiver of the Eleventh Amendment immunity from suit in federal court. *Id* at 620. The Supreme Court added, however, that because *Lapides* had not stated a valid federal claim against the state,[1] its decision did not address whether or how removal would affect federal law claims or claims in respect to which the state's sovereign immunity had not been waived or abrogated in state court. *Id* at 617.

Similar to *Lapides,* the issue of waiver of Eleventh Amendment immunity does not apply to the federal law claims brought herein. First, 42 U.S.C. § 1983 does not permit a state or its agency to be directly sued. Only a "person" can be held liable under § 1983. *See* 42 U.S.C. § 1983. In *Will v. Michigan*, 491 U.S. 58, 63-71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989), the Supreme Court held that neither a state nor a governmental entity which is considered an arm of the state or a state

---

[1]The Supreme Court did not decide whether the State's removal also constituted an Eleventh Amendment waiver as to the 42 USC § 1983 federal claim and instead disposed of the § 1983 claim on statutory grounds when it concluded that the § 1983 claim was not "a valid federal claim" because a State is not a "person" within the meaning of § 1983. *Lapides*, 535 U.S. at 617.

4

official acting in their official capacity qualify as a "person" under § 1983. The status of the LSU Health Sciences Center as an arm of the State of Louisiana is not disputed by the Plaintiff and the Court finds that such is the case. Several federal courts have unwaveringly determined that Louisiana's public universities, including LSU, are to be treated as arms of the State of Louisiana. *See Laxey v. Louisiana Bd. of Trustees*, 22 F.3d 621 (5th Cir.1994); *Boston v. Tanner,* 29 F.Supp.2d 743, (W.D. La.1998); *McGregor v. La. State Univ. Bd. of Supervisors,* 1992 WL 189489, *6 (E.D.La.1992). *See also Richard v. Board of Sup'rs of Louisiana State University and A & M College,* 2006-0927 (La. App. 1 Cir. 2007); 960 So.2d 953 (reversing jury verdict finding LSU Board of Supervisors as persons vulnerable to suit pursuant to § 1983).

Applying *Will* to the facts of this case, the Court finds that neither the State of Louisiana nor LSU are a "person" under § 1983. Therefore, there are no facts Plaintiff can allege which would make either the State of Louisiana or LSU liable under 42 USC § 1983. As such, Plaintiff has failed to state a claim against these Defendants and the 42 USC § 1983 claims are dismissed as to them with prejudice. Because of this finding, the Court does not need to delve into any Eleventh Immunity analysis.

Second and in so far as Plaintiff is alleging that the State of Louisiana or LSU discriminated against her under Title VII, Plaintiff's original complaint is silent as to how and why Title VII is applicable to these Defendants. In fact, it appears that Plaintiff raised the issue of a Title VII claim for the first time in her Opposition. Further, Defendants' Motion to Dismiss did not discuss whether any Title VII claims should be dismissed and admits that their arguments related to sovereign immunity would not apply to those claims because Congress has abrogated such immunity. Rec. Doc. 12 at p. 8. Being cognizant that counsel for the Plaintiff has just withdrawn

from this matter and that Plaintiff is now representing herself *Pro Se,* the Court grants Plaintiff sixty (60) days to amend her complaint to state a claim against the State of Louisiana and/or LSU pursuant to Title VII.  If Plaintiff does not so amend, these Defendants will be dismissed without prejudice.  After the amendment is filed, Defendants can move to dismiss if the claims raised warrant such action.  Further, the Court points out that because Congress has abrogated a State's immunity under Title VII, any discussion of *Lapides* is not proper.

All that remains is the issue of whether the State and LSU waived its Eleventh Amendment immunity from suit from state law claims by removing the matter.  Defendants point out in their opposition memorandum that the Louisiana Legislature has provided that the State or a State Agency **shall be sued only in state court**.  See Rec. Doc. 12 at p. 8 and LSA-R.S. 13:5106(A).  Similar to the state in *Lapides,* this is an express declaration by the Louisiana Legislature that the State of Louisiana can be sued in state court.  Thus, to the extent that Plaintiff has alleged state law claims that the State and LSU removed to this Court, the State and LSU have waived any Eleventh Amendment Immunity regarding those claims.[2]  However, because the petition is vague regarding Plaintiff's state law causes of action against these Defendants, she is given sixty (60) days to amend her complaint to sufficiently allege state law claims against the State of Louisiana and/or LSU.  If Plaintiff does not so amend, these Defendants will be dismissed without prejudice.  After the amendment is filed, Defendants can move to dismiss if the claims raised warrant such action

Finally, nothing in this Order shall be construed as having any bearing on Plaintiff's Motion for Leave to file the Amended Complaint currently pending before the Magistrate Judge.  Further,

---

[2]Although the State and LSU may have waived their immunity to being sued in federal court on state law claims, that does not mean that they have waived any immunity from liability.  *See Meyers ex rel. Benzing v. Texas*, 410 F. 3d 236 (5th Cir. 2005).

nothing contained in this Order shall be construed as having any bearing on the claims raised in the Amended Complaint. The claims and allegations contained in that pleading are not before the undersigned at this time and will be taken up once and if the Amended Complaint is filed and another appropriate Motion is filed and set before the undersigned.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss (Rec. Doc. 12) is **GRANTED** and all of the 42 USC § 1983 claims against the State of Louisiana and Louisiana State University Health Sciences Center are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff amend her complaint within sixty (60) days of this order to state a claim pursuant to Title VII against the State of Louisiana and/or Louisiana State University Health Sciences Center. If the amendment is not filed within sixty (60) days, these Defendants will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's is given sixty (60) days to amend her complaint to sufficiently allege state law claims against the State of Louisiana and/or Louisiana State University Health Sciences Center. If Plaintiff does not so amend, these Defendants will be dismissed without prejudice.

New Orleans, Louisiana, this 9th day of October, 2007.

_____
**G. THOMAS PORTEOUS, JR.**
**UNITED STATES DISTRICT JUDGE**